### ISAAC WALKER V. THE STATE.

No. 10262.   Delivered June 25, 1926.

**1.—Robbery — Requested   Charge — For   Instructed   Verdict — Properly Refused.**

Where, on a trial for robbery, appellant requested an instructed verdict, which was properly refused by the trial court, the testimony of state witnesses, though contradicted by witnesses for appellant, fully justified a conviction, and the issues presented having been decided in favor of the state, we are without authority to disturb the verdict.

**2.—Same—Requested Charge—Practice in Trial Court.**

Where a special charge is requested, and refused, it should be noted on the charge itself, or presented in a bill of exception that the appellant excepted to the refusal of the requested charge, and in the absence of such exception nothing is brought forward for review by the court.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

*Jimmie McNicoll* of Dallas, *Sam B. Hale* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being five years in the penitentiary.

It is alleged in the indictment that appellant made an assault upon one Calvin Sneed, by which assault and by violence he took from the possession of Sneed $800 in money.

Sneed testified that he went to Marshall for the purpose of purchasing an automobile; that he met appellant and informed him of the purpose of witness' presence in the city; that appellant told witness he would take him to where an automobile sale was being conducted; that prosecuting witness, accompanied by appellant, went to the bank and drew out $600 which, with the $200 he already had, made $800 then in his possession; that appellant conducted him to a room where one Eugene Williams soon appeared; that while in the room appellant made an assault upon prosecuting witness with a knife, cutting his throat about an inch or an inch and a half; that while appellant held the knife to witness' throat Williams took the $800 from him, after which both appellant and Williams fled; that witness pursued Williams, giving the alarm; that he was pursuing Williams so closely the latter gave him back $670 of the money. Appellant testified denying the transaction occurred as detailed by Sneed, but claimed Sneed lost his money in a dice game with appellant and Williams. This issue was properly submitted to the jury and it was settled in favor of the state. The criticism of the charge appears to be without merit.

Two special charges were requested, the first of which is brought forward by proper bill of exception complaining because the court declined to instruct the jury to return a verdict of not guilty for various reasons set out in the charge, all of which turn upon the claimed insufficiency of the evi-

dence. Without setting out the testimony more in detail than has already been done it is sufficient to say that the state made out its case as alleged in the indictment by the evidence or prosecuting witness and the jury accepted that as the true version of the matter. The trial court was warranted in declining to give the charge requested. We are without authority to disturb the verdict.

Special charge No. 2 is simply marked "refused." It bears no notation indicating that appellant excepted to its refusal and complaint of such refusal is not brought forward by separate bill of exception. However, we note this special charge presents the defense of appellant to the effect that the money of which Sneed claims to have been robbed was really won by appellant and Williams in a game of dice. This issue was properly and fully submitted in the court's main charge.

Finding no error in the record the judgment is affirmed.

*Affirmed.*